UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Cr. No. 08-10027-MLW |
| MARCUS ROBINSON, | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                          December 30, 2016

Petitioner Marcus Robinson is currently serving a 188-month sentence for being an armed career criminal in possession of a firearm. See 18 U.S.C. §§922, 924. He has, pro se, filed a petition to vacate his sentence under 28 U.S.C. §2255, alleging ineffective assistance of counsel both at sentencing for failure to raise certain arguments and after sentencing for failure to file a notice of appeal. He has also moved to amend his petition to include a claim under Johnson v. United States, 135 S. Ct. 2551 (2015).

For the reasons stated below, the court is ordering further submissions to determine whether an evidentiary hearing is required before deciding his claim of ineffective assistance of counsel concerning the alleged failure to file a notice of appeal. It is dismissing his claim of ineffective assistance of counsel at sentencing without a hearing. It is also denying his motion to amend.

I.    BACKGROUND

On February 13, 2008, Robinson was indicted on multiple federal firearm charges. Assistant Federal Public Defender Timothy Watkins was appointed to represent him. On September 16, 2010, Robinson pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). The remaining charges were dismissed.

On February 22, 2010, this court sentenced Robinson to 188 months in prison under the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. §924(e). His three predicate offenses were: a 1997 conviction for assault and battery with a dangerous weapon; a 1998 conviction for distribution of cocaine near a school zone; and a 2002 conviction for distribution of cocaine near a school or park. See February 22, 2010 Transcript ("Tr.") at 8-10. Judgment entered on March 5, 2010. No notice of appeal was filed. The 14-day period in which to appeal expired on March 19, 2010. See Fed. R. App. P. 4(b)(1)(A).

On August 12, 2010, Robinson sent a letter to the First Circuit expressing his dissatisfaction with Mr. Watkins' representation at sentencing and indicating that he wished to appeal his sentence. The First Circuit treated the letter as a pro se motion to file a late appeal. Upon learning of the appeal, Mr. Watkins moved to withdraw from representation, explaining that he believed the appeal was against Robinson's

2

interests and that Robinson's claims were better raised on collateral review. The First Circuit allowed Mr. Watkins' motion.

On August 19, 2010, the First Circuit ordered Robinson to show cause as to why his appeal should not be dismissed as untimely. It appointed appellate counsel on October 7, 2010. Robinson responded on November 8, 2010. He argued that he had instructed Mr. Watkins to file a timely notice of appeal, but Mr. Watkins failed to do so, resulting in his late appeal. On November 23, 2010, the First Circuit dismissed the appeal, explaining that "[s]uch a claim is appropriately addressed in a habeas petition, rather than in a direct appeal." United States v. Robinson, No. 10-1981 (1st Cir. Nov. 23, 2010).

On April 28, 2011, Robinson filed the instant motion to vacate his sentence under 28 U.S.C. §2255 (the "Petition"). The Petition asserts two grounds for relief, both alleging ineffective assistance of counsel. In Ground One, Robinson alleges that defense counsel was deficient for failing to file a timely appeal despite Robinson's express instructions to do so. In Ground Two, Robinson alleges that counsel was deficient for failing to challenge Robinson's sentencing enhancement under 18 U.S.C. §924(e) and to request a competency evaluation under 18 U.S.C. §4241.

In response to the Petition, the government argues that Robinson's claims are barred by the one-year statute of limitations in §2255(f) and, in any event, are unmeritorious. Accordingly, it requests that the court dismiss the Petition without a hearing.

Robinson filed a reply to the government's arguments. On August 31, 2015, Robinson also moved to amend the Petition by adding a claim under Johnson v. United States, 135 S. Ct. 2551 (2015). In his proposed amendment, Robinson argues that two of the three convictions used to enhance his sentence under the ACCA are no longer predicate offenses.

II.  LEGAL STANDARD

A. §2255(b) Hearing Requirement

28 U.S.C. §2255 provides a federal prisoner with a means to collaterally attack his sentence. Specifically:

> 28 U.S.C. §2255 sets forth four grounds upon which a federal prisoner may base a claim for relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack."

Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994) (quoting Hill v. United States, 368 U.S. 424, 426-27 (1962)). Where, as here, a petitioner is acting pro se, his petition must be "liberally construed . . . [and] a pro se complaint, however

4

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

When a prisoner files a §2255 petition, 28 U.S.C. §2255(b) requires that:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. §2255(b). As the First Circuit wrote in United States v. McGill, 11 F.3d 223 (1st Cir. 1993):

> We have distilled these principles into a rule that holds a hearing to be unnecessary "when a §2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case." Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974). In other words, a "§2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984) (citations omitted).

Id. at 225-26 (some citations omitted); see also Ellis v. United States, 313 F.3d 636, 641 (1st Cir. 2002).

The burden is on the petitioner to show, by a preponderance of the evidence, that an evidentiary hearing is warranted. See

Moreno-Morales v. United States, 334 F.3d 140, 145 (1st Cir. 2003); Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1989); see also David v. United States, 134 F.3d 470, 478 (1st Cir. 1998) ("To progress to an evidentiary hearing, a habeas petitioner must do more than proffer gauzy generalities or drop self-serving hints that a constitutional violation lurks in the wings.").

In deciding whether to hold an evidentiary hearing, "the district court may make its preliminary assessment of the motion's merits on an expanded record that may include 'in an appropriate case, even affidavits.'" Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977) (quoting Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970)). "However, material issues of fact may not be resolved against the petitioner solely by relying on ex parte, sworn or unsworn, statements of the government or defense counsel." United States v. Butt, 731 F.2d 75, 77-78 (1st Cir. 1984) (internal citations omitted). "Affidavits may assist only in determining if there is a genuine issue of fact to resolve." Miller, 564 F.2d at 106 (citing Blackledge v. Allison, 431 U.S. 63, 80 (1977)).

B. Ineffective Assistance of Counsel

"A defendant claiming ineffective assistance of counsel must show (1) that counsel's representation 'fell below an objective standard of reasonableness,' . . . and (2) that

counsel's deficient performance prejudiced the defendant[.]". Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000) (citing Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)); see also Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2010). "The burden is on the petitioner to demonstrate ineffective assistance by a preponderance of the evidence." Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993).

"In order to satisfy the 'deficient performance' prong, [a movant] must show that his trial counsel's representation 'fell below an objective standard of reasonableness.'" Peralta, 597 F.3d at 79 (quoting Strickland, 466 U.S. at 688). "'Judicial scrutiny of counsel's performance must be highly deferential' [and] the reviewing court "'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" United States v. Valerio, 676 F.3d 237, 246 (1st Cir. 2012) (quoting Strickland, 446 U.S. at 689). "It is only where, given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it, that the ineffective assistance prong is satisfied." Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006) (internal quotation marks omitted).

"With regard to the prejudice prong of Strickland, '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different.'" Valerio, 676 F.3d at 246-47 (quoting Strickland, 466 U.S. at 694). "Although [the defendant] need not show 'that counsel's deficient conduct more likely than not altered the outcome' of his sentencing proceeding, he must establish 'a probability sufficient to undermine confidence in [that] outcome.' Peralta, 597 F.3d at 80 (quoting Porter v. McCollum, 558 U.S. 30, 44 (2009)).

III. MOTION TO DISMISS ROBINSON'S §2255 PETITION

In Ground One of the Petition, Robinson alleges that defense counsel was constitutionally ineffective for failing to file a notice of appeal. In Ground Two, he asserts that counsel was ineffective for failing to challenge his ACCA designation or move for a competency evaluation at sentencing. Robinson requests an evidentiary hearing on both grounds. The government argues that the Petition is untimely and, in any event, unmeritorious, and should be dismissed without a hearing.

For the reasons explained below, the court finds that additional information is required to decide whether Ground One is timely and meritorious. Accordingly, the court is ordering additional submissions, and may order an evidentiary hearing, as described in Part V, infra. As to Ground Two, the court finds that the record "conclusively show[s]" Robinson is not entitled

to relief. It is, therefore, dismissing Ground Two without a
hearing.[1] See 28 U.S.C. §2255(b).

A. Ground One: Ineffective Assistance for Failure to File
   Notice of Appeal

1. Statute of Limitations

A petition for relief under §2255 must be brought within
one year of the latest of:

(1) the date on which the judgment of conviction
becomes final;

(2) the date on which the impediment to making a
motion created by governmental action in violation of
the Constitution or laws of the United States is
removed, if the movant was prevented from making a
motion by such governmental action;

(3) the date on which the right asserted was
initially recognized by the Supreme Court, if that
right has been newly recognized by the Supreme Court
and made retroactively applicable to cases on
collateral review; or

(4) the date on which the facts supporting the claim
or claims presented could have been discovered
through the exercise of due diligence.

28 U.S.C. §2255(f). Robinson's conviction became final on March
19, 2010, when his time to appeal expired.[2] He filed his Petition

---

[1] Because the court finds that Ground Two is unmeritorious, see
Part III.B, infra, it is not deciding whether Ground Two is
timely under §2255(f).

[2] Although neither the Supreme Court nor the First Circuit has
directly addressed the issues, numerous other courts have held
that "an unappealed federal criminal judgment becomes final for
the purposes of §2255(f) . . . when the time expires for filing
a direct appeal. United States v. Gaudette, No. CR 09-30014-GAO,

on April 28, 2011, one year and 40 days later. The Petition is not, therefore, timely under §2255(f)(1).

However, Ground One may be timely under §2255(f)(4). Under subsection (f)(4), the limitations period for Ground One began to run "when a duly diligent person in [Robinson's] circumstances would have discovered that no appeal had been filed." United States v. Wims, 225 F.3d 186, 190 (2d Cir. 2000); Cooper v. Bravo, 36 Fed. App'x 343, 346 (10th Cir. 2002). This determination is "fact-specific and 'depends, among other things, on the details of [Robinson's] post-sentence conversation with his lawyer and on the conditions of his confinement.'" Agosto v. United States, No. 04-CR-10336-NMG-5, 2012 WL 3518130, at *7 (D. Mass. Aug. 15, 2012) (quoting Wims, 225 F.3d at 190-91).

Robinson alleges that he "vehemently urged" counsel to file an appeal and that counsel "more than assured" him an appeal would be filed. Petition at 9. However, no other evidence concerning the details of his post-sentencing conversations with counsel have been presented to the court. The record does not, therefore, conclusively establish whether a person acting with due diligence would have discovered counsel's failure to file a

---

2015 WL 6870051, at *1 (D. Mass. Nov. 6, 2015) (collecting cases).

notice of appeal within 40 days of his conviction becoming final. See Wims, 225 F.3d at 191 (5-month delay in discovering counsel's failure to appeal was "not so clearly unreasonable that it plainly appears from the face of appellant's petition . . . that he is barred from habeas relief"); Cooper, 36 Fed. App'x at 346 (3-month delay in discovering counsel's failure to appeal may be reasonable); Agosto, 2012 WL 3518130, at *7 (record did not conclusively establish that 5-month delay in discovering counsel's failure to appeal was unreasonable); see also United States v. Goldman, No. 92-CR-10229-MLW, 2015 WL 4762746, at *2 (D. Mass. Aug. 12, 2015) (permitting additional briefing on 113-day delay in discovering counsel's failure to appeal). The court is, therefore, not dismissing Ground One as untimely.

### 2. Ineffective Assistance of Counsel

Failure to file a notice of appeal may constitute ineffective assistance of counsel. See Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000). Where, as here, counsel consulted the petitioner about the possibility of appeal, "the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id. at 478. To show prejudice, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's

deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484. The defendant is not required to specify the issues he would have raised on appeal or show that those issues are meritorious. Id. at 486.

Robinson asserts that he instructed counsel to appeal; that counsel assured him an appeal would be filed; and that counsel abandoned him at the beginning of the appeals process. This is sufficient to allege deficient performance. See Flores-Ortega 528 U.S. at 478. Robinson further alleges that, but for counsel's allegedly deficient conduct, he would have challenged his ACCA designation on appeal. This is sufficient to allege prejudice. See id. at 484. Accordingly, Robinson's allegations are facially adequate to allege ineffective assistance of counsel under Flores-Ortega. If these allegation are true, Robinson will be entitled to an appeal. See id. at 484; United States v. Santos-Rios, 151 F. App'x 2, at M (1st Cir. 2005) (unpublished) (citing United States v. Torres-Otero, 232 F.3d 24, 32 (1st Cir. 2000)).

The government argues that the record does not support Robinson's allegations. It asks the court to infer, from Robinson's August 12, 2010 pro se letter to the First Circuit

and Mr. Watkins' motion to withdraw, that Robinson never instructed counsel to appeal.[3]

It is true that Robinson did not make any allegations about counsel's deficient conduct in his August 12, 2010 letter seeking to appeal late. See Docket No. 62. At that time he evidently had the hope that the First Circuit would accept his appeal and that he would not be required to establish ineffective assistance of counsel to have the merit of it decided. In any event, Robinson's letter is consistent with his allegation that he intended to appeal his sentence.

As to Mr. Watkins' unsworn notice of withdrawal, it merely states that his decision not to file a notice of appeal "was [] deliberate and made after [] consultation with defendant." Docket No. 64 at 1 n.1. It does not state whether that decision was against Robinson's express wishes. In any event, "material issues of fact may not be resolved against the petitioner solely by relying on ex parte, sworn or unsworn, statements of the

---

[3] The government also argues that the fact that Robinson pled guilty undermines his claim that he wished to appeal. Under Flores-Ortega, a defendant's guilty plea is relevant to whether counsel was deficient for failing to consult the defendant about an appeal at all. 528 U.S. at 478-480. In the instant case, however, it is undisputed that Mr. Watkins consulted Robinson about the possibility of an appeal. Accordingly, the relevant question is not whether counsel believed Robinson would want to appeal, but whether counsel "fail[ed] to follow the defendant's express instructions with respect to an appeal." Id. at 478.

government or defense counsel." Butt, 731 F.2d at 77-78 (internal citations omitted).

The current record shows, at most, that there is a dispute as to whether Robinson expressly instructed his counsel to file a notice of appeal or whether he was prejudiced by counsel's alleged failure to do so. It does not, however, conclusively show that he is not entitled to relief on Ground One.

B. Ground Two: Ineffective Assistance at Sentencing

1. Failure to Challenge ACCA Designation

Robinson also alleges that defense counsel was ineffective for failing to challenge his designation as an armed career criminal under the ACCA. As indicated earlier, Robinson's sentenced was enhanced under the ACCA based on three predicate offenses: a 1997 conviction for assault and battery with a dangerous weapon; a 1998 conviction for distribution of cocaine near a school zone; and a 2002 conviction for distribution of cocaine near a school or park. See February 22, 2010 Tr. at 8-10. Robinson now asserts that one of his drug convictions "was reduced from a Serious offense to a Misdemeanor Drug Violation" and, therefore, that defense counsel should have argued that the offense was not a predicate under the ACCA. Petition at 12.

Robinson does not indicate which of his two predicate drug offenses counsel should have challenged. Reading Robinson's pro se petition liberally, it appears that his claim is based on the

14

fact that the 2002 offense was prosecuted in District Court rather than Superior Court. A Massachusetts District Court may not impose a sentence of more than two and a half years in jail or a house of corrections. See M.G.L. c. 218 §27. However, under the "categorical approach" required by the Supreme Court, it is the statute, not the court in which he was convicted, that determines whether a particular offense is an ACCA predicate. See United States v. Moore, 286 F.3d 47, 49 (1st Cir. 2002). Robinson was convicted in 2002 of distribution of a class B controlled substance, which is punishable by up to 10 years in prison. See M.G.L. c. 94C, §32A(a). That conviction is, therefore, a "serious drug offense" under the ACCA. See Moore, 286 F.3d at 49. The record conclusively shows that defense counsel was not deficient for failing to challenge Robinson's ACCA designation on this basis.

### 2. Failure to Request a Competency Evaluation

Robinson also alleges that defense counsel was ineffective for failing to request a competency evaluation under 18 U.S.C. §4241. "'The failure of trial counsel to request a competency hearing where there was evidence raising a substantial doubt about a petitioner's competence to stand trial may constitute ineffective assistance of counsel.'" United States v. Sampson, 820 F. Supp. 2d 202 (D. Mass. 2011) (quoting Vogt v. United States, 88 F.3d 587, 592 (8th Cir. 1996)).

In Robinson's case, there was no evidence of incompetence. In Robinson's appearances before the court he never exhibited any sign that he was "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."[4] 18 U.S.C. §4241(a). Indeed, the court found him to be competent when he pled guilty. See Sept. 16, 2009 Tr. at 14:17-21. Accordingly, there is no basis for finding that counsel was deficient for failing to request a competency evaluation, or that Robinson would have benefited from such an evaluation. See Robidoux v. O'Brien, 643 F.3d 334, 338-40 (neither prong of Strickland satisfied, where there was "little evidence anywhere that [petitioner] failed to understand the proceedings and virtually none that he was unable to cooperate with counsel."). The court need not credit Robinson's conclusory assertions to the contrary. See Shraiar, 736 F.2d at 818.

In view of the foregoing, Ground Two is being dismissed without a hearing.

IV. MOTION TO AMEND

Robinson has moved to amend the Petition to include a claim under Johnson v. United States, 135 S. Ct. 2551 (2015). Robinson asserts that he was improperly sentenced as a career offender

---

[4] The presentence report stated that Robinson was treated for depression in 1993, but did not include any evidence of a contemporaneous mental illness, disease, or defect.

16

under the ACCA based on predicate offenses that were not "violent felonies" or "serious drug offenses." See 18 U.S.C. §924(e)(2). Specifically, he challenges the predicates in paragraphs 42 and 46 of his presentence report ("PSR"), which are for vandalism and larceny respectively.

Robinson's claim is based on a misreading of the record. Robinson's initial PSR erroneously indicated that his ACCA designation was based on the convictions described in paragraphs 41, 42, and 46 of the report. However, as the Probation Officer explained at the sentencing hearing, the citations should have instead been to paragraphs 40, 41, and 45. See Feb. 22, 2010 Tr. at 2:22-3:3. The convictions in these paragraphs are for assault and battery with a dangerous weapon and, in two instances, distribution of a class B controlled substance. Each is an ACCA predicate offense. The correction was reflected in the final PSR.

The record conclusively shows that the claim Robinson seeks to assert under Johnson is unmeritorious. His motion to amend is, therefore, futile.

V.   EVIDENTIARY HEARING AND APPOINTMENT OF COUNSEL

For the reasons stated in Parts III.A.1 and 2, supra, before deciding Ground One of Robinson's Petition, the court must make factual findings concerning, among other things, the details of Robinson's post-sentencing conversations with Mr.

17

Watkins. It is not clear from the current record whether the details of those conversations are disputed. The appropriate approach in these circumstances is to order additional affidavits to "assist [] in determining if there is a genuine issue of fact to resolve." Miller, 564 F.2d at 106. If so, an evidentiary hearing is required under §2255(b). See Butt, 731 F.2d at 77-78.

The details of Robinson's conversations with defense counsel would ordinarily be privileged. Accordingly, the court hereby informs Robinson that, if he persists in claiming ineffective assistance of counsel in connection with counsel's failure to file a direct appeal, he will waive his attorney-client privilege with respect to all communications with his attorney that are relevant to proving or disproving his claim. See Johnson v. Alabama, 256 F.3d 1156, 1178-79 (11th Cir. 2001). Defendant is being ordered to report, by January 17, 2017, whether he wishes to: (1) proceed with Ground Two and waive his privilege with regard to the relevant communications, or (2) withdraw Ground Two and preserve his privilege. See Bittaker v. Woodford, 331 F.3d 715, 720 (9th Cir. 2003) ("The court imposing [a] waiver [of privilege] does not order disclosure of the materials categorically; rather, the court directs the party holding the privilege to produce the privileged materials if it wishes to go forward with its claims implicating them.").

If Robinson chooses to proceed, Mr. Watkins shall, by January 31, 2017, submit an affidavit addressing the issues raised in this Memorandum and Order. The government shall, by February 14, 2017, file a memorandum and any supporting affidavits addressing whether there are any material disputes of fact in this case. Robinson shall respond by February 28, 2017. The court will then decide whether an evidentiary hearing is required.

"Rule 8(c) [of the Rules Governing §2255 Proceedings] requires the court to appoint counsel for indigent petitioners if it holds a §2255 evidentiary hearing." <u>Bucci v. United States</u>, 662 F.3d 18, 34 (1st Cir. 2011). Before appointing counsel, however, the court must make an "appropriate inquiry" as to the petitioner's ability to pay for counsel. 18 U.S.C. §3006A(b). Robinson has moved for appointment of counsel, but has not submitted an affidavit concerning his ability to pay. Accordingly, Robinson must now file a financial affidavit using the CJA-23 Form attached hereto. The court will determine whether to appoint counsel pursuant to §2255 Rule 8(c) and, in any event, whether counsel should be appointed as a matter of discretion under 18 U.S.C. §3006A.

VI.  CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court must "issue or deny a certificate of

appealability when it enters a final order adverse to the applicant." To receive a COA, a petitioner must make "a substantial showing of a denial of a constitutional right." See 28 U.S.C. §2253(c)(2). In other words, a COA is warranted if "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A claim can be debatable "even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id.

The court finds that no reasonable jurist would conclude that Ground Two of Robinson's Petition, which is contradicted by the record, is meritorious. Nor would a reasonable jurist debate the conclusion that Robinson's motion to amend, which was based on a misreading of the record, is futile. Therefore, the court is denying a COA on Robinson's claims to the extent that they are being dismissed by this Memorandum and Order. He may seek a COA from the Court of Appeals for the First Circuit. See §2255 Rule 11(a).

VII. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Ground Two of Robinson's Motion to Vacate under 28 U.S.C. §2255 (Docket No. 68) is DISMISSED with prejudice.

2.   Robinson's Motion to Amend his Motion to Vacate (Docket No. 75) is DENIED.

3.   Robinson shall, by January 17, 2017, report whether he wishes to: (1) proceed with Ground One and waive his attorney-client privilege with regard to his relevant communications with Mr. Watkins; or (2) withdraw Ground One and preserve his privilege.

4.   If Robinson choses to proceed, Mr. Watkins shall, by January 31, 2017, submit an affidavit addressing the issues raised in this Memorandum and Order, including the contents of any post-sentencing communications with Robinson concerning a possible appeal.

5.   The government shall, by February 14, 2017, file a memorandum and any supporting affidavits addressing whether there are any material disputes of fact in this case.

6.   Robinson shall respond to the government's submissions by February 28, 2017.

7.   Upon receipt of the foregoing submissions, the court will decide whether an evidentiary hearing is required.

8.   Robinson shall, by January 17, 2017, file a financial affidavit using the CJA-23 Form attached to this Memorandum and Order.

9.   A   copy   of   this   Order   shall   be   served   on   Assistant
Public Defender Timothy Watkins.


_____
UNITED STATES DISTRICT JUDGE